# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1903.

| 69 1|
| a70 338|

WILLIAM W. NILES, EXECUTOR, &c., v. THE BOARD OF
EDUCATION OF THE TOWN OF WEST NEW YORK.

Argued February 24, 1903—Decided November 9, 1903.

A valid contract for the purchase of a school site cannot be entered
into by a board of education under the authority conferred upon
it by the act of June 14th, 1898, entitled "An act to authorize the
purchase of lands, and the construction of school-houses thereon,
and the issuing of bonds to raise moneys to pay the cost of the
same, in towns in this state" (*Pamph. L., p.* 530), as soon as an
appropriation is ordered for that purpose by the town council, for
by said act the council, after making the appropriation, are to
sell the bonds at not less than par, and the expenditure is limited
to the amount realized from the sale of the bonds.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HEN-
DRICKSON and PITNEY.

For the plaintiff, *Abel I. Smith.*

For the defendants, *J. Emil Walscheid.*

VOL. XLI. 1

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought to recover damages for the breach of a contract entered into between the plaintiff's testator and the defendants, by the terms of which the latter agreed to purchase, and the former to sell and convey, a certain tract of land within the corporate limits of the town of West New York, for a school site. The plaintiff avers in his declaration that the contract was entered into by the defendants under and by virtue of authority conferred upon them to do so by an act of the legislature of this state, approved June 14th, 1898, and entitled "An act to authorize the purchase of lands, and the construction of school-houses thereon, and the issuing of bonds to raise moneys to pay the cost of the same, in towns in this state." *Pamph. L., p.* 530.

The act referred to provides that whenever the board of education of any town declares, by a resolution adopted by the vote of a majority of its members, that additional school accommodations are needed in the town, and certifies such resolution to the town council, the latter body is authorized, by a resolution adopted by the votes of a majority of its members, to order an appropriation of a specific sum, not exceeding $50,000, for the purchase of lands, and the erection thereon of a suitable school building, and, upon the adoption of such resolution, to issue bonds for the amount so appropriated, and sell the same for *not less than their par value.* The act further provides that the board of education may, "at any time after an appropriation is voted and made as aforesaid, purchase the necessary lands and enter into contracts for the erection of a suitable school building thereon; *provided, however,* that said board of education, in purchasing said lands and erecting said school building, shall not make expenditures, or incur indebtedness, *in excess of the amount realized from the sale of said bonds.*"

It appears from the allegations of the declaration that the defendants, the board of education of the town of West New York, on the 31st day of May, 1899, by resolution adopted by

the votes of a majority of the members thereof, did declare that additional school accommodations were needed in their town, and caused a certified copy of such resolution to be transmitted to the town council; that the town council, after receiving the same, and on the 20th day of July, 1899, by resolution adopted by the votes of a majority of its members, ordered an appropriation of $33,000, for the purchase of land and the erection thereon of a suitable school building, and that thereupon the board of education entered into a contract with the plaintiff's testator for the purchase of a tract of land for a school site, at the price of $6,300. An allegation of the breach of this contract by the defendants then follows.

The question presented for decision by the demurrer is whether a valid contract for the purchase of a school site can be entered into by a board of education, under the authority conferred upon it by the act of 1898, as soon as an appropriation is ordered for that purpose by the town council. We think not. It will be observed that by the provisions of the act the town council, after ordering the appropriation, are to provide the funds so appropriated, by issuing bonds and marketing them at a price not less than par; and that the board of education is prohibited from making expenditures, or incurring indebtedness, in purchasing a school site or erecting a building thereon, in excess of the amount realized from the sale of the bonds. It is manifest, therefore, that if a purchaser cannot be found for the bonds at par or better, the whole scheme of providing additional accommodations must fall through; and yet, on the theory of the declaration, if a contract for the purchase of the land be entered into by the board, before the proceeds of the sale of the bonds are actually in hand, the municipality becomes liable to pay the purchase price, even if it shall subsequently turn out that the town council is unable to dispose of its bonds for the price limited by the statute.

The defendants are entitled to judgment on the demurrer.